```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHRISTOPHER BOOKER, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 09-779 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE,** District Judge:

    This matter is before the Court upon Petitioner's motion to appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) and Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts [Docket Item 17].  As will be further discussed, the Court will deny Petitioner's request for appointed counsel without prejudice.  This Court finds as follows:

    1.  On February 1, 2006, a jury sitting the United States District Court for the District of New Jersey found Petitioner guilty of possession with intent to distribute cocaine base of a quantity greater than 50 grams, in violation of 21 U.S.C. § 841(a)(1), and possession of two firearms in furtherance of a drug trafficking felony, in violation of 21 U.S.C. § 924(c).  The jury acquitted Petitioner of conspiracy to distribute and possess with the intent to distribute cocaine base under 21 U.S.C. § 846.

    2.  On August 4, 2006, this Court sentenced Petitioner to a term of imprisonment of 240 months for possession with intent to distribute and a consecutive term of imprisonment of 60 months

for possession of firearms in furtherance of the drug transaction.

3. Petitioner has filed a timely petition to vacate his sentence pursuant to 22 U.S.C. § 2255. Attached to his amended § 2255 petition, Petitioner submitted a lengthy memorandum of law in support of his motion to vacate his conviction and sentence [Docket Item 10]. Petitioner argues that his trial and appellate counsel were prejudicially ineffective for failing to raise the following arguments: (1) there was insufficient evidence to show that Petitioner possessed guns "in furtherance" of the drug transaction under § 924(c); (2) there were no exigent circumstances to justify the warrantless search of Petitioner's hotel room, which led to the seizure of the guns; (3) admission of evidence during a suppression hearing that a maid reported finding guns in Petitioner's hotel room violated Petitioner's rights under the Confrontation Clause; and (4) Petitioner's statements during and after his arrest on October 29, 2004 should have been excluded as obtained in violation of Miranda v. Arizon, 384 U.S. 436 (1966).

4. Upon receiving the United States' answer to his petition, Petitioner requested both an extension of time in which to reply and appointment of counsel. In support of his request for counsel, Petitioner explained that he had been assisted by another inmate while preparing his initial petition at United

States Penitentiary (USP) Canaan and that the Bureau of Prisons had since transferred him UPS Atwater, where he no longer had the assistance of the other inmate.  Petitioner maintained that the issues presented were too complex for him to proceed without legal assistance.

    5.  On May 19, 2010, the Court granted Petitioner a 30 day extension and ordered him to complete a Financial Affidavit in Support of Request for Attorney (CJA 23) form [Docket Item 18].

    6.  Petitioner has since completed the necessary financial affidavit.  In addition, on June 1, 2010, Petitioner submitted a 20 page reply to the government's answer.  Petitioner's reply, filed well within the time permitted by the Court, is cogent and supported by relevant case law [Docket Item 20].

    7.  The Court will now address Petitioner's request for appointed counsel.  To begin, there is no Sixth Amendment right to appointment of counsel in habeas proceedings.  <u>See Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991), <u>cert. denied</u>, 503 U.S. 988 (1992), <u>superseded on other grounds by statute</u>, 28 U.S.C. § 2254(d) ("There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding.").  The Court may nevertheless appoint counsel to a person seeking relief under § 2255 when "the

interests of justice so require" pursuant to 18 U.S.C. § 3006A(a)(2)(B).

8. A prerequisite to appointment of counsel is a finding that Petitioner is indigent. The Court is satisfied, based on Petitioner's affidavit in support of his request for counsel, that he is indigent.

9. Turning to the interests of justice, the Court must first determine whether Petitioner has raised any nonfrivolous claims. Reese, 946 F.2d at 263-64. The Court then looks to the following factors:

> (a) complexity of issues; (b) whether factual investigation is needed; (c) whether issues presented are straightforward and capable of resolution on the record; and (d) whether petitioner is capable of presenting his claims, understanding the issues, and meeting the court's procedural requirements.

Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 628 n.23 (D.N.J. 2008) (citing Reese, 946 F.2d at 263-64).

10. While Petitioner has raised nonfrivolous claims in his request for relief under § 2255, the Court determines that at the present stage, the interests of justice do not warrant appointment of counsel. On initial review, the issues appear straightforward and capable of resolution on the record. None of Petitioner's claims require factual investigation beyond the record established at trial. Most significantly, Petitioner has done a thorough job, in both his initial memorandum of law and on

4

reply, of presenting and supporting his grounds for vacating his sentence. The Court finds that, given Petitioner's demonstrated ability to "forcefully and coherently" present his claims and to meet the Court's procedural requirements, that justice does not require appointment of counsel at this stage. See Reese, 946 F.2d at 263-64 (affirming denial of counsel where the petitioner "presented his claims 'forcefully and coherently,' and met the court's procedural requirements").

11. The Court will deny appointment of counsel without prejudice. If circumstances change such that the issues become more complex, the Court will entertain a new motion for appointment of counsel or will sua sponte reconsider the issue. Moreover, if the Court determines that an evidentiary hearing is necessary, the Court will appoint counsel as required under Rule 8(c).

12. The accompanying Order shall be entered.

| | |
|---|---|
| **June 3, 2010** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |