IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

CHRISTOPHER BOOKER,                    :        HON. JEROME B. SIMANDLE

              Petitioner,        :        Civil No. 09-779 (JBS)

     v.                              :

UNITED STATES OF AMERICA,              :        **MEMORANDUM OPINION**

              Respondent.        :

---

**SIMANDLE**, District Judge:

This matter is before the Court on Petitioner Christopher Booker's motion for reconsideration of the Court's July 26, 2010, Opinion and Order denying his petition for habeas corpus relief under 28 U.S.C. § 2255.   THE COURT FINDS AS FOLLOWS:

    1.  Petitioner is a federal prisoner sentenced by this Court on August 4, 2006, to a term of 240 months imprisonment for possession with intent to distribute cocaine base and a consecutive term of imprisonment of 60 months for possession of two firearms in furtherance of a drug trafficking felony.  See Booker v. United States, Civ. No. 09-779, 2010 WL 2985982, slip op. at 1-2 (D.N.J. July 26, 2010).

    2.  Mr. Booker filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on February 23, 2009. [Docket Item 1.] The Court denied his petition in a 41 page

Opinion and subsequent Order on July 26, 2010. [Docket Items 24 and 25.]

3. Mr. Booker filed the present motion for reconsideration on August 23, 2010. [Docket Item 26.] Mr. Booker seeks reconsideration of the Court's Order denying his petition for habeas relief pursuant to Fed. R. Civ. P. 60(b) and, in the alternative, "to give notice of appeal." (Mot. Recons. at 1.) The Court interprets Mr. Booker's alternative form of relief as a motion for reconsideration pursuant to Rule 60(b) of the Court's denial of a certificate of appealability in its July 26, 2010 Opinion and Order.

4. Mr. Booker sought habeas relief on the grounds that his criminal defense counsel was ineffective for failing to raise various arguments at trial or on direct appeal, and that this ineffective assistance of counsel justified vacating his sentence. Specifically, Mr. Booker argued that his counsel was ineffective for failing to raise four issues: (1) that there was insufficient evidence to support his conviction of possession of firearms in furtherance of a drug trafficking felony, (2) that various post-arrest statements made by Petitioner to law enforcement should have been suppressed because they were obtained in violation of Miranda v. Arizona, 384, U.S. 436 (1966), (3) that evidence seized from Petitioner's hotel room

2

should have been excluded under the Fourth Amendment at trial, and (4) that two out-of-court statements by a hotel maid should have been excluded at trial.  Booker, 2010 WL 2985982 at 8-9.

5.   The Court denied habeas relief, rejecting Mr. Booker's Fourth Amendment claim under the law of the case doctrine (id. at 16), and holding that, for the other three issues, Mr. Booker's counsel was not ineffective because raising the issues at trial or on direct appeal would not have helped his defense.  Id. at 24, 30, 33, 40.  In other words, the Court found that Mr. Booker could not show the requisite prejudice necessary to make out an ineffective assistance of counsel claim.

6.   Mr. Booker argues in his instant motion for reconsideration that the Court wrongly decided two issues, warranting reconsideration.  Specifically, Mr. Booker argues that the Court should have held: (1) that his post-arrest statements to FBI agent Roselli violated his Fifth Amendment rights (Mot. Recons. at 1), and (2) that there was insufficient evidence to support the conviction of possession of a firearm in furtherance of drug trafficking (Mot. Recons. at 4).

7.   Federal Rule of Civil Procedure 60(b), while granting narrow discretion to the district court to relieve a party from a final judgment or order, is an "extraordinary remedy, and [only] special circumstances may justify granting relief under it."

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 533 (D.N.J. 1998)
(quoting <u>Moolenaar v. Government of the Virgin Islands</u>, 822 F.2d
1342, 1346 (3d Cir. 1987)).  The Third Circuit has long held that
"legal error, without more, cannot justify granting a Rule 60(b)
motion."  <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988).
Thus, to the extent that Mr. Booker seeks reconsideration on the
grounds that he disagrees with the Court's decision in its July
26 Opinion and Order, the Court is unable to grant him relief
under Rule 60(b).

        8.  Mr. Booker's first argument for reconsideration is that
the Court wrongly denied his ineffective counsel claim by holding
that his post-arrest statements to FBI agent Roselli did not
violate his Fifth Amendment rights.  He argues that his
statements to agent Roselli should have been excluded because
they were made after he invoked his right to counsel in October,
2004, with Delaware County homicide detectives.[1]  (Mot. Recons.
at 1-3.)  The Court finds that this argument was considered and

---

[1] Petitioner submitted a reply brief in response to Respondent's opposition on
October 1, 2010.  [Docket Item 29.]  Per Local Rule 7.1(d)(3), "No reply
papers shall be filed on a motion for reconsideration pursuant to L.Civ.R.
7.1(i) or on a cross-motion, unless the Court otherwise orders."  As
Petitioner's reply brief was submitted without leave from the Court, it will
not be considered in the Court's decision.  The Court notes, however, that
even were it to consider Plaintiff's additional submission, Petitioner is
incorrect to claim that a Commonwealth of Pennsylvania court ruling in his
2006 criminal case constitutes new evidence not previously available.  <u>See</u>
<u>Resorts Int'l v. Greate Bay Hotel & Casino</u>, 830 F. Supp. 826, 831 (D.N.J.
1992).

4

rejected by the Court in its July 26 Opinion.  See Booker, 2010 WL 2985982 at 30-33.  Thus, Mr. Booker's argument is simply that the Court's holding was legally erroneous, which is an improper basis for Rule 60(b) relief.

9.  Mr. Booker's second argument, that the Court erred in its consideration of the sufficiency of the evidence to convict of the firearm possession, also fails under the Rule 60(b) standard.  The Court exhaustively considered Mr. Booker's present arguments regarding the placement of the weapons and their potential ability to promote his trafficking offense under the standard articulated in United States v. Sparrow, 371, F.3d 851 (3d Cir. 2004).  See Booker, 2010 WL 2985982 at 18-24.  The Court is therefore unable to grant reconsideration under Rule 60(b) on this basis.

10.  Finally, Mr. Booker requests that the Court grant reconsideration of its denial of a certificate of appealability ("petition to give notice of appeal").  In its July 26 Opinion, the Court determined that there was "no ground on which a certificate of appealability should issue under 28 U.S.C. § 2253(c) because the Court finds Petitioner fails to make a substantial showing of the denial of a constitutional right." Booker, 2010 WL 2985982 at 40 n.15.  The Court finds that Mr. Booker's present motion for reconsideration has not changed its

determination in this regard, and will consequently deny reconsideration on this issue.

11.   In summary, after consideration of Mr. Booker's motion for reconsideration, this Court concludes that reconsideration under Fed. R. Civ. P. 60(b) is not warranted for any of the issues raised.  Consequently, the Court will deny the motion. The accompanying Order will be entered.


**October 25, 2010**                              **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  United States District Judge